# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAMES CODY,

      Petitioner,

            -vs-

ROB JEFFREYS, Warden,

      Respondent.

Case No. 2:10-cv-974

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations (Doc. No. 11). Judge Sargus has recommitted the case to the Magistrate Judge for a supplemental report and recommendations (Doc. No. 14). The Warden has not filed a response to the Objections, although he is not under any obligation to do so.

The Warden raised a procedural default defense to the Petition which the original Report recommended be overruled. Respondent has not objected to that recommendation and it should therefore be adopted.

In the Petition and again in his Objections, Cody asserts that his conviction and sentence on two separate counts of aggravated arson arising out of one criminal incident is barred by the Double Jeopardy Clause of the Fifth Amendment.

In the original Report, the Magistrate Judge recommended that this claim be denied on the merits because the two statutes under which Cody was convicted contain distinct elements,

1

thus satisfying the controlling federal constitutional test announced in *Blockburger v.United States,* 284 U.S. 299 (1932), and followed thereafter by the Supreme Court.

Petitioner objects that his conviction and sentence on both counts of aggravated arson violates the new and now controlling interpretation of Ohio Revised Code § 2941.25 announced by the Ohio Supreme Court in *State v. Johnson*, 128 Ohio St. 3d 153 (2010). He expressly asks that this "Court order this case be remanded to the state court for further proceedings on the '*Johnson* analysis,' as is the law in the State of Ohio" (Objections, Doc. No. 13, PageID 332).

The relevant facts as found by the court of appeals are not contested for the purpose of this habeas proceeding. Cody dated Kathy Edwards for about ten months prior to March, 2006. *State v. Cody*, 2007 Ohio 6776, ¶ 3, 2007 Ohio App. LEXIS 5938 (Ohio App. 10th Dist. Dec. 18, 2007) In June, 2006, Ms. Edwards rented an apartment at 3518 Sanita Court, Columbus, where she resided with her mother and three children. *Id.* Between March and June, Cody made separate verbal death threats toward Edwards, her mother, and her children. *Id.* at ¶ 8. On June 14, 2006, Cody poured gasoline down the dryer vent at Edwards' residence and exploded it. *Id.* at ¶ 7.

For this conduct, Cody was indicted on two counts of aggravated arson in violation of Ohio Revised Code § 2909.02. Count 1 charged that Cody committed aggravated arson by creating a substantial risk of serious physical harm to another person by means of fire or explosion (Indictment, Return of Writ, Doc. No. 6-1, PageID 71). Count 2 charged that Cody committed aggravated arson by causing physical harm to the occupied structure at 3518 Sanita Court by fire or explosion. He was convicted by a jury and sentenced to separate consecutive sentences on the two counts.

**Analysis**

Federal courts can grant relief in habeas corpus only if the petitioner is confined in violation of the United States Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). That is to say, this Court cannot reexamine whether the Ohio courts were correct in their determination that the separate convictions and sentences in this case do not violate Ohio Revised Code § 2941.25. Ohio cannot be statute or case law expand or contract the protections of the United States Constitution. The Court has no authority to "remand" this case to the Ohio courts for application of *State v. Johnson*.

Moreover in applying the United States Constitution to habeas cases, a district court is not free to act on its own best interpretation of what the Constitution means. Rather, we can grant relief only if the state court decision on the constitutional question is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

Cody has not shown that his multiple convictions are contrary to or an objectively unreasonable application of United States Supreme Court precedent. As noted in the original Report (Doc. No. 11, PageID 322), the relevant Supreme Court test under the Double Jeopardy

Clause *"whether each offense contains an element not contained in the other."* *Id., citing United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Ohio Revised Code § 2909.02(A)(1) and (A)(2) easily meet the *Blockburger* test. (A)(1) requires that State to prove a defendant created substantial risk of serious physical harm to another person; (A)(2) requires proof of actual physical harm to an occupied structure.

Cody cites only one Supreme Court case purportedly interpreting the Double Jeopardy Clause, *United States v. C.I.T. Credit Corp.,* 344 U.S. 318 (1952)[1], cited at Objections, Doc. No. 13, PageID 332. That case involved interpretation of the Fair Labor Standards Act and held that, as charged in the indictment in that case, the acts of the defendant were not intended by Congress to be separate crimes. Although *Blockburger* was cited, interpreting the Double Jeopardy Clause was not in issue, but rather what Congress intended in the Fair Labor Standards Act. That question is simply not relevant to what the Ohio General Assembly intended in enacting Ohio Revised Code § 2909.02(A)(1) and (A)(2). The Supreme Court did not hold that a state legislature (or Congress for that matter) cannot penalize separately acts occurring as part of a single "course of conduct," but only that Congress did not actually intend to do so in the Fair Labor Standards Act.

It seems highly unlikely that the Ohio General Assembly intended no possible multiple punishments for violations of Ohio Revised Code § 2909.02 if there were separate victims, apart from the damage to property. Cody caused this explosion and fire in a multiple family dwelling where it might have caused the death or serious physical injury of many people, aside from those who were his stated targets. The Supreme Court has held that, under Ohio law, a person may be executed for killing a person by fire, even though the person he intended to kill was someone

---

[1] The correct citation is *United States v. Universal C.I.T. Credit Corporation*, 344 U.S. 218 (1952).

else. *Bradshaw v. Richey*, 546 U.S. 74 (2005).[2] But the question of what the Ohio General Assembly intended in Ohio Revised Code § 2909.02 is not before this Court, only whether the Double Jeopardy Clause permits multiple punishment for Mr. Cody's one incendiary act.

Mr. Cody's argument in his Objections seems to be that, if Ohio Revised Code § 2909.02 were interpreted in accordance with *State v. Johnson, supra*, there could only be one punishment for his one act. Aside from the fact that *Johnson* is not a United States Supreme Court case interpreting the Double Jeopardy Clause, the Ohio courts have also held that *Johnson* is not to be applied retroactively where a defendant has already exhausted appellate remedies. *See, e.g., State v. Hughes*, 2012 Ohio 4513, 2012 WL 4503148, at *3 (Ohio Ct. App. 10th Dist. 2012); *State v. Boyce*, 2012 Ohio 3713, 2012 WL 3542268, at *2 (Ohio Ct. App. 2d Dist. 2012); *State v. Boone*, 2012 Ohio 3653, 975 N.E.2d 546, 556 (Ohio Ct. App. 10th Dist. 2012); *State v. Pound*, 2012 Ohio 3392, 2012 WL 3061455, at *3 (Ohio Ct. App. 2d Dist. 2012), *leave denied*, 2012 Ohio 5459, 978 N.E.2d 910 (table decision); *State v. Dukes*, 2012 Ohio 3033, 2012 WL 2522968, at *2 (Ohio Ct. App. 11th Dist. 2012), *leave denied*, 133 Ohio St. 3d 1467, 2012 Ohio 5149, 977 N.E.2d 694 (2012) (table decision); *State v. Kelly*, 2012 Ohio 2930, 2012 WL 2459149, at *3 (Ohio Ct. App. 8th Dist. 2012); *State v. Champion*, 2012 Ohio 2537, 2012 WL 2061590, at *1 (Ohio Ct. App. 2d Dist. 2012), *leave denied*, 133 Ohio St. 3d 1424, 2012 Ohio 4902, 976 N.E.2d 914 (2012) (table decision); *State v. Holliday*, 2012 Ohio 2376, 2012 WL 1964026, at *2 (Ohio Ct. App. 5th Dist. 2012); *State v. Hickman*, 2012 Ohio 2182, 2012 WL 1744531, at *2 (Ohio Ct. App. 5th Dist. 2012), *leave denied*, 133 Ohio St. 3d 1411, 2012 Ohio 4650, 975 N.E.2d 1029 (2012) (table decision); *State v. Smith*, 2012 Ohio 1891, 2012 WL

---

[2] As this Report is written, the Boston Marathon bombing of April 15, 2013, is on the nation's mind. When a person intentionally exposes hundreds of people to death or maiming, it seems very unlikely the legislature would have crafted the assault and murder statutes to require a prosecutor to pick just one victim. Yet that is the implication of Petitioner's position.

1494285, at *5 (Ohio Ct. App. 3d Dist. 2012), *leave denied*, 132 Ohio St. 3d 1533, 2012 Ohio 4381, 974 N.E.2d 1210 (2012) (table decision); *State v. Layne*, 2012 Ohio 1627, 2012 WL 1247209, at *3 (Ohio Ct. App. 4th Dist. 2012); *State v. Parson*, 2012 Ohio 730, 2012 WL 601807, at *2 (Ohio Ct. App. 2d Dist. 2012).

Nor does the United States Constitution require retroactive application of *Johnson*:

> The Constitution does not require that state-court decisions be applied retroactively, *see Wainwright v. Stone*, 414 U.S. 21, 23-24, 94 S. Ct. 190, 38 L. Ed. 2d 179 (1973); *Bowen v. Foltz*, 763 F.2d 191, 193-94 (6th Cir. 1985), and the retroactive application of new state decisional law to a petitioner's conviction after she has exhausted her appellate remedies is a state-law question, on which the state courts have the last word. *See Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995); *see also Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir. 2002); *Martin v. Warden, Huntingdon State Corr. Inst.*, 653 F.2d 799, 811 (3d Cir. 1981).

*Volpe v. Trim*, 708 F.3d 688, 700 (6th Cir. 2013).

## Conclusion

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that any appeal would not be taken in objective good faith.

April 23, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

6

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).